Protected Information to Be Disclosed Only in Accordance With the
U.S. Court of Federal Claims Protective Order

## UNITED STATES COURT OF FEDERAL CLAIMS

### BID PROTEST

| | |
|---|---|
| VIROMED LABORATORIES, INC., )<br>)<br>*Plaintiff,* )<br>) Case No. 09-60 C<br>v. ) Judge Block<br>)<br>THE UNITED STATES, )<br>)<br>*Defendant,* )<br>)<br>and )<br>)<br>CENTER FOR DISEASE DETECTION, LLC., )<br>)<br>*Intervenor.* )<br>) | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS

Plaintiff ViroMed Laboratories, Inc. ("ViroMed"), through its undersigned counsel, hereby files this response to the United States ("Defendant" or "Government")'s Notice of Corrective Action and Motion to Dismiss ("Motion to Dismiss"). Contrary to Defendant's position, this case is not mooted by Defendant's currently proposed "corrective" action consisting of canceling and re-issuing the solicitation at issue and starting from scratch. Further, this Court is not precluded from granting the Defendant's Motion to Dismiss and simultaneously ordering the Government to take the corrective action represented therein, consisting of reopening the solicitation and reevaluating proposals. Should the Court determine that it does not have authority to fashion relief as set forth herein, it should deny Defendant's motion and grant ViroMed's Motion to Supplement the Administrative Record With Depositions so that a full record may be established regarding the Government's apparent bias in this procurement.

**Protected Information to Be Disclosed Only in Accordance With the**
**U.S. Court of Federal Claims Protective Order**

## FACTUAL BACKGROUND

On March 11, 2009, the Government produced over 700 pages of documents to complete the Administrative Record in this bid protest pursuant to the Court's March 6, 2009, Order granting ViroMed's motion to compel. These documents provided further evidence in support of ViroMed's claims that the Navy relied on unstated evaluation criteria in making the subject award, engaged in inequitable discussions with intervenor Center for Disease Detection, LLC ("CDD"), and was biased against ViroMed. For example, the additional documents show that CDD's Technical Approach rating mysteriously increased from "Unacceptable" to "Acceptable" even after submission of final proposal revisions, and evince that the contracting officer relied on incorrect Past Performance and Corporate Experience ratings for CDD in making the final award decision.

Based in part on this new information, ViroMed filed a Motion to Supplement the Administrative Record with Depositions at approximately 2:00 pm on March 13, 2009. As stated in this Motion, depositions are necessary to determine whether these anomalies in the evaluation and award process were in fact the result of bias in favor of CDD and against ViroMed, and the extent of that bias.

At approximately 6:30 pm that afternoon, counsel for the Government called counsel for ViroMed to inform ViroMed that instead of opposing ViroMed's Motion to Supplement, the Government intended to take corrective action concerning the award at issue and would move to dismiss ViroMed's Complaint as moot. Specifically, counsel for the Government stated that the Navy would establish an entirely new Technical Evaluation Board and appoint new Contracting Officers and Contracting Negotiators to reevaluate proposals of ViroMed and CDD, and that ViroMed would be permitted to address innovations in discussions. In proposing this corrective

**Protected Information to Be Disclosed Only in Accordance With the
U.S. Court of Federal Claims Protective Order**

action, counsel for the Government stated that the Navy realized that the evaluation process "could have been handled better."

On Sunday March 15, 2009, the Navy filed its Motion to Dismiss ViroMed's Complaint as moot. The following day, the Court held a telephonic status conference with the parties to discuss the Navy's proposed corrective action and motion. During this call, counsel for the Government represented that the Navy would not commit to the corrective action proposed in its Motion to Dismiss, i.e., that it would not commit to reevaluating the proposals by ViroMed and CDD.

On March 18, 2009, pursuant to the Court's direction, counsel for the Government conferred by telephone with counsel for ViroMed and CDD. In that conversation, counsel for the Government reaffirmed the Government's modified position that it intends to cancel the instant solicitation and reissue the solicitation without any commitment to include ViroMed and CDD in the competitive range or reevaluate their existing proposals with the opportunity to engage in discussions.

## I.  Applicable Legal Standards

The burden of proving mootness is a "heavy one" and "lies with the party asserting mootness." *Cal. Indus. Facilities Res., Inc. v. United States*, 80 Fed. Cl. 633, 639-40 (2008); *CW Gov't Travel, Inc. v. United States*, 61 Fed. Cl. 559, 580-81 (2004). A case will be considered moot only where: (1) "it can be said with assurance that there is *no reasonable expectation* that the alleged violation will recur;" and (2) "interim relief or events have *completely and irrevocably* eradicated the effects of the alleged violation." *Rice Servs., Ltd. v. United States*, 405 F.3d 1017, 1019 (2005) (*quoting County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1975) (emphasis added)).

**Protected Information to Be Disclosed Only in Accordance With the
U.S. Court of Federal Claims Protective Order**

As this court has made clear, "although events subsequent to the filing of the complaint may moot a plaintiff's requests for relief, the constitutional 'case or controversy' requirement may be satisfied by the availability of other relief. Indeed, *where the court can still fashion a useful remedy, the case is not moot*." *Cal. Indus. Facilities Res.*, 80 Fed. Cl. at 639-40 (holding protester's claim for bid preparation and proposal costs was not moot even where contract had already been executed because "the availability of this relief survives [the contract awardee's] completion of the contract.") (internal citations omitted) (emphasis added). Because mootness depends on the availability of existing "useful" remedies, a government agency's voluntary offer to undertake corrective action in the face of a bid protest does not automatically render the protest moot. *See Universal Fidelity LP v. United States*, 70 Fed. Cl. 310, 312 (2006) (court "did not necessarily agree" that government's cancellation of the solicitation at issue mooted plaintiff's claim but ultimately agreed that cancellation of solicitation was appropriate remedy where claim rested on challenge to terms in the solicitation as unduly restrictive); *Delaney Construction Corp. v. United States*, 56 Fed. Cl. 470, 474 (2003) (denying government's motion to dismiss after it proposed corrective action and allowing briefing on complaint and requests for equitable relief).

Under the Administrative Dispute Resolution Act of 1996, this Court has the authority to "award any relief that the court considers proper, including declaratory and injunctive relief . . . ." 28 U.S.C. §1491(b)(2). Such authority includes the power "to remand appropriate matters to any administrative or executive body or official with such direction as it may deem proper and just." 28 U.S.C. § 1491(a)(2); *Overstreet Electric Co. v. United States*, 47 Fed. Cl. 728, 745 (2000) (ordering reinstatement of original solicitation with instructions for the agency to conduct a new calculation of protester's proposal price in accordance with specifications dictated by the

**Protected Information to Be Disclosed Only in Accordance With the**
**U.S. Court of Federal Claims Protective Order**

court, and a re-evaluation of the reasonableness of protester's proposal). When a government agency has breached its duty to evaluate proposals in good faith, this Court may order the government to return the procurement process to the time immediately preceding the breach. *See Wetsel-Oviatt Lumber Co. v. United States*, 40 Fed. Cl. 557, 571 (1998) (directing Forest Service to "reinstate the award process to the point where it left off before the illegality occurred"); *Parcel 49C Ltd. Partnership v. United States,* 31 F.3d 1147, 1150-51 (Fed. Cir.1994) (approving trial court's injunction of illegal cancellation of solicitation and "return[ing] the contract award process to the status quo ante any illegality"). This Court also retains the power to order the government to comply with any promised remedial action. *See Rice Servs., Ltd. v. United States*, 59 Fed. Cl. 619, 620 (2004) (where government agency offered to take remedial action and moved to dismiss the complaint as moot prior to court's decision on the merits, court ordered government to "carry out its curative plans and dismissed plaintiff's complaint without prejudice to any future protest action arising out of the remedial action").

## II.     Argument

### A.     The Government Has Not Met Its Heavy Burden of Proving Mootness.

The Government's motion to dismiss fails to meet the heavy burden it carries to prove ViroMed's claim is moot, offering little more than conclusory statements in support of its argument that its proposed action moots ViroMed's claim. *See* Motion to Dismiss at 6 (describing the proposed action and concluding that "[g]iven the comprehensiveness of this corrective action, the plaintiff's case is no longer live"). Indeed, the Government cannot sustain its burden because cancellation of the solicitation does not address a core element of ViroMed's claims – that the Navy unlawfully, and with bias, afforded preferential treatment to CDD as the lowest-priced offeror and as a small business.

**Protected Information to Be Disclosed Only in Accordance With the**
**U.S. Court of Federal Claims Protective Order**

      1.    **There Is a Reasonable Expectation That the Alleged Violations Will Recur.**

In its Complaint, ViroMed alleged several improprieties by the Government during the proposal evaluation process under RFP N00189-07-R-Z027 ("RFP"), including: (1) the Government accorded preferential treatment to CDD; (2) the Government conducted improper discussions with CDD; (3) the Government considered unstated evaluation criteria; and (4) the Government's best value determination was arbitrary and capricious. *See* Compl. ¶¶31-53. Defendant has not even argued – much less proven – that these alleged improprieties will not recur if the solicitation is cancelled and reissued. Defendant merely states that it will take the proposed action "while being cognizant of the issues raised in Viromed's complaint." Motion to Dismiss at 2, 6.

Although the Government proposes to issue a new solicitation and appoint a new TEB, contract negotiator, and contracting officer, *see* Motion to Dismiss at 6, these proposed actions are insufficient. ViroMed does not allege any improprieties concerning the solicitation itself; thus, a new solicitation would offer no protection against the likelihood of the Government exhibiting the same bias in a new procurement as it did under the RFP. (Indeed, the Government's sudden flip-flop in its proposed corrective action, where it now proposes to reissue, instead of reopening the solicitation, itself manifests inherent bias in the Navy's attitude toward ViroMed.) Moreover, the appointment of a new TEB, contract negotiator and contracting officer is insufficient to prevent a recurrence of prejudice against ViroMed in a subsequent procurement. As evidenced in ViroMed's Motion to Supplement the Administrative Record, filed on March 13, 2009, the Navy's preference for CDD likely extended beyond these individuals. *See* Motion to Supplement the Administrative Record With Depositions at 7-9 (describing former Congressman Curt Weldon's letter to Secretary of Navy Donald C. Winter

**Protected Information to Be Disclosed Only in Accordance With the**
**U.S. Court of Federal Claims Protective Order**

discouraging award to ViroMed under a different HIV testing services contract). ViroMed requested leave to take the depositions of certain Navy officials in an effort to ascertain the full extent to which this bias had pervaded the Navy. Permitting Defendant to begin this procurement anew would only give the Navy an opportunity to give full effect to its apparent bias by excluding ViroMed from the competitive range, thereby exacerbating the unlawful acts the Navy has already committed.

> 2.   **Cancellation of the Contract Will Not Eradicate the Effects of the Navy's Actions.**

The Government not only falls short of its burden to prove that this case is moot – it utterly fails to address how its proposed corrective action would eradicate the effects of the Navy's unlawful actions. ViroMed has alleged that it would have been awarded the contract for HIV-1/2 testing services under the RFP but for the Navy's illegal actions, and that such actions cost ViroMed approximately $41,854,629 over a period of five years. *See* Compl. ¶¶ 4, 55. The Navy's proposed action – starting the solicitation over "from scratch" – would not restore ViroMed to the position it was in prior to the Navy's illegal conduct. *See Parcel 49C Ltd. Partnership*, 31 F.3d at 1154. Indeed, the Navy's proposed action places ViroMed in a substantially *worse* position because ViroMed will face the prospect of being excluded from the competitive range entirely if the Navy decides to designate the new solicitation as a small business set-aside. Reopening competition also would force ViroMed to bear the expense of preparing a new bid proposal, thereby aggravating the damage the Navy's improper conduct has caused.

> B.   **The Action Is Not Moot Because of the Availability of Useful Remedies.**

Rather than sanctioning the Government's proposed course of re-solicitation by declaring ViroMed's protest moot, this Court has the power to fashion useful remedies that render

**Protected Information to Be Disclosed Only in Accordance With the
U.S. Court of Federal Claims Protective Order**

ViroMed's complaint a live and justiciable controversy. *See Cal. Indus. Facilities Res.*, 80 Fed. Cl. at 639-40. In *Parcel 49C Ltd. Partnership*, the Court of Appeals for the Federal Circuit held that "[i]njunctive relief in this case better serves the public interest than the other possibility, resolicitation. Resolicitation would only result in further, unnecessary expenditures of Government resources. Indeed, resolicitation would also reward the illegality, accomplishing nothing more than a stern finger wagging in the direction of [the Government]." 31 F.3d 1147, 1154 (Fed. Cir. 1994) (enjoining cancellation of contract award where cancellation lacked a rational basis).

Here, reopening the solicitation and reevaluating ViroMed's and CDD's existing proposals with new contracting officials and evaluators serves the public interest in a manner far superior to a re-solicitation, and this Court has the jurisdiction and authority to grant such relief. In its complaint, ViroMed requested, among other things, (1) an injunction enjoining performance of the current contract until the Navy could conduct a reevaluation of proposals in accordance with federal law and regulation; and (2) declaratory relief stating that the Navy's evaluation of proposals was in violation of federal law and regulation and ordering the solicitation be reopened and proposals reevaluated in accordance with the law. *See* Compl. at 15-16. Defendant erroneously asserts that the Court does not have the authority to grant such relief and is limited to enjoining performance of the contract or canceling the solicitation. *See* Motion to Dismiss at 6-7. However, the case cited by the Government in support of this proposition, *CW Gov't Travel, Inc. v. United States*, is inapposite because in that case the plaintiff's protest was pre-award and challenged the specific pricing structure in the solicitation. 46 Fed. Cl. 554, 555 (2000). In such a case, cancellation of the offending solicitation would be the most appropriate remedy, whereas here cancellation would have no effect on the Navy's

**Protected Information to Be Disclosed Only in Accordance With the**
**U.S. Court of Federal Claims Protective Order**

prejudicial evaluation of proposals.

The Court has statutory authority to grant *any* declaratory and injunctive relief it deems proper. 28 U.S.C. §1491(b)(2). While the Court should leave the ultimate choice of contractor to the contracting agency, *see Parcel 49C Ltd. Partnership*, 31 F.3d at 1153, it has consistently found it appropriate to grant injunctive and declaratory relief tailored to individual bid protest cases. *See, e.g., Delaney Construction Corp.*, 56 Fed. Cl. at 476 (enjoining government agency's proposed corrective action of reopening competition in response to post-award bid protest and ordering that "any new award decision for [the] contract shall be made on the proposals previously received"); *Overstreet Electric Co.* 47 Fed. Cl. at 745 (ordering reinstatement of original solicitation and correction of errors identified in first evaluation); *Wetsel-Oviatt Lumber Co.*, 40 Fed. Cl. at 571 (enjoining cancellation of solicitation); *Parcel 49C Ltd. Partnership*, 31 F.3d at 1153-54 (same). Thus, this Court may direct the Government to replace all members of the TEB, the contracting officer and contract negotiator; order the Government to reinitiate the evaluation process with a competitive range consisting of ViroMed and CDD; and direct the Government to engage in discussions with both ViroMed and CDD. This relief would be a far more "useful" - and equitable - remedy than reopening competition, and would restore the parties to their respective positions prior to the Navy's illegal actions.

## CONCLUSION

In sum, the Government has failed to meet its heavy burden of proving that this case is moot. If the solicitation is reissued, as the Government now proposes, there is a substantial likelihood that the Navy's bias and other illegalities will recur, and such "corrective" action would not eradicate the effects of the Navy's actions. This Court therefore should grant the

**Protected Information to Be Disclosed Only in Accordance With the
U.S. Court of Federal Claims Protective Order**

Defendant's Motion to Dismiss and simultaneously order the Government to take the corrective action pledged therein of reopening the solicitation and reevaluating proposals. In the alternative, the Court should deny Defendant's motion and grant ViroMed's Motion to Supplement the Administrative Record With Depositions so that a full record may be established regarding the Government's apparent bias in this procurement.

Dated: March 19, 2009

Respectfully Submitted,

KELLEY DRYE & WARREN LLP

By: /s/
David H. Laufman, Esq.
Joanna Baden-Mayer, Esq.
Elizabeth C. Scanlan, Esq.
KELLEY DRYE & WARREN LLP
Washington Harbour, Suite 400
3050 K Street, NW
Washington, DC 20007-5108
(202) 342-8400
(203) 342-8451 (fax)

Attorneys for Plaintiff
ViroMed Laboratories, Inc.